RICHARD ENSIGN & another *vs.* HENRY S. BRIGGS & others.

Real estate conveyed to all the members of a partnership, though purchased with tne funds of the partnership and used for partnership purposes, vests, at law, in the partners as tenants in common; and a failure to dissolve an attachment of such estate, made in an action on a note given by the two partners individually, after the dissolution of the partnership, will not render the partnership liable to proceedings in insolvency.

PETITION to this court under *St.* 1838, *c.* 163, § 18, to set aside proceedings in insolvency commenced before the respondent Briggs as commissioner, against the petitioners, late partners under the firm of Ensign & Jones. The ground on which the commissioner issued his warrant against Ensign & Jones was their failure to dissolve, pursuant to *Sts.* 1838, *c.* 163, § 19, and 1851, *c.* 189, § 2, an attachment of real estate, made on a writ against both of them as individuals, upon a note given, after the dissolution of the partnership, by Ensign as principal, and Jones as surety, for the sole use of Ensign, and having no connection with the partnership business. The real estate, alleged to have been so attached, was a saw mill which had been purchased by the partners with funds of the partnership, and conveyed to them as tenants in common, and used in the business of the partnership, and all the interest of Jones in which had been conveyed to Ensign before the attachment, by deed which was not recorded until after the attachment.

*J. D. Colt*, for the petitioners.

*I. Sumner & H. S. Briggs*, for the respondents.

METCALF, J. Assuming that this real estate was attached in due form on the writ against Ensign and Jones, yet the conveyance thereof to the partners gave the legal title to them as tenants in common, though it was purchased with partnership funds, and used for partnership purposes. *Peck* v. *Fisher*, 7 Cush. 390, and cases there cited. The attachment, upon a writ against them as individuals, could only reach the several interest of each partner, and a failure to dissolve such an attachment was no ground for proceedings in insolvency against the partnership. *Proceedings in insolvency stayed.*